1 | HIRSCH ADELL (CSB 34208) and
2 | WILLIAM Y. SHEH (CSB 221275), Members of
   | REICH, ADELL & CVITAN
   | A Professional Law Corporation
3 | 3550 Wilshire Blvd., Suite 2000
   | Los Angeles, California 90010-2421
4 | Telephone: (213) 386-3860
   | Facsimile: (213) 386-5583
5 | E-Mail: williams@rac-law.com

6 | Attorneys for Plaintiff

JS-6

FILED
CLERK, U.S. DISTRICT COURT

FEB - 6 2008

CENTRAL DIS...
BY        VPC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| TERENCE L. YOUNG, on behalf of Writers' Guild-Industry Health Fund and Producer-Writers Guild of America Pension Plan, | CASE NO. 07-1701 SJO (VBKx) |
|  | [PROPOSED] JUDGMENT |
| Plaintiff, | Date: January 14, 2008 |
|  | Time: 10:00 a.m. |
| v. | Ctrm: 880 (Roybal) |
|  | 255 East Temple Street |
| RUNELORDS DEVELOPMENT, L.P., a California limited partnership, | Los Angeles, CA 90012 |
| Defendant. |  |

The motion of plaintiff TERENCE L. YOUNG (YOUNG), on behalf of
the Writers' Guild-Industry Health Fund and Producer-Writers Guild of
America Pension Plan (collectively, the "Plans"), for entry of
default Judgment and for a Final Order for Accounting came before
this court on January 14, 2008.  Upon consideration of the evidence
and argument presented, the Court hereby GRANTS plaintiff's motion.
/ / /

- 1 -

THE COURT FINDS that on October 5, 2007, the Clerk of the Court entered the default of defendant RUNELORDS DEVELOPMENT, L.P., a California limited partnership (RUNELORDS).

THE COURT FURTHER FINDS AS FOLLOWS:

1.   Pursuant to Fed. R. Civ. P. 55(b)(2), and the Employee Retirement Income Security Act (ERISA) § 502(g)(2), 29 U.S.C. § 1132(g)(2), Judgment is entered in favor of plaintiff and against defendant RUNELORDS in the amount of $12,497.01, composed as follows:

       (a)   Delinquent contributions under 29 U.S.C. § 1132(g)(2)(A) totaling $7,425.00;

       (b)   Interest on the delinquent contributions in paragraph "a" above in the sum of $2,313.59 under 29 U.S.C. § 1132(g)(2)(B);

       (c)   Liquidated damages under 29 U.S.C. § 1132(g)(2)(C)(ii) in the sum of $1,485.00, or 20% of the total delinquent contributions owed; and

       (d)   Attorney's fees totaling $1,273.42 (calculated pursuant to Local Rule 55-3).

THE COURT FURTHER FINDS THAT, pursuant to the Trust Agreements of the Plans by which RUNELORDS is bound, and the provisions of ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), defendant RUNELORDS is required to submit to an audit of its books and records by the Plans.

IT IS THEREFORE ORDERED that defendant RUNELORDS, its managing employees, successors, corporate officers, and all others acting in active concert or participation with them, within thirty (30) days of service of this final Judgment and Order, submit to an audit of RUNELORDS' books and records and to cooperate in all respects with the Plans' representative for the purpose of ascertaining the

::ODMA\PCDOCS\RACC\152865\1

1  contributions due to the Plans and the damages to the Plans for any

2  failure to pay such contributions.

3      IT IS FURTHER ORDERED that at the time of the audit that

4  RUNELORDS produce to the auditors of the Plans, all books and records

5  required to conclude the audit, including, but not limited to, the

6  following documents, covering the time period from June 21, 2002

7  through the date of the audit:

8

9      (a)  A complete list of projects in development or production;

10      (b)  A chart of all accounts;

11      (c)  All general ledgers;

12      (d)  All production cost runs and/or payroll showing payments to

13      writers;

14      (e)  All contracts for writing service for writers hired by

15      RUNELORDS;

16      (f)  All option/purchase contracts with professional writers for

17      the acquisition of literary material;

18      (g)  State and federal payroll tax returns; and

19      (h)  All bank statements for all checking, savings and

20      investment accounts of Surface for the period of the audit.

21

22      **The failure of RUNELORDS to comply with this Order may be**

23  **grounds for contempt of court.**

24      IT IS FURTHER ORDERED THAT Plaintiff is entitled to costs

25  against RUNELORDS, pursuant to 29 U.S.C. § 1132(g)(2)(D) and the

26  parties' written agreements.  Plaintiff shall file a separate bill of

27  costs within 15 days of entry of this Judgment, and the award of

28

::ODMA\PCDOCS\RACC\152865\1

1  costs shall be retroactive to the entry of this judgment, and shall
2  be considered a single judgment.
3
4  **IT IS SO ORDERED.**
5
6  DATED: _____2/6/08_____
7                                          _____
                                           HON. S. JAMES OTERO
                                           U.S. DISTRICT COURT JUDGE
8
9  SUBMITTED BY:
10 REICH, ADELL & CVITAN
   A Professional Law Corporation
11
12
13 By: _____
14      WILLIAM Y. SHEH
        Attorneys for Plaintiff
15
16
17
18
19
20
21
22
23
24
25
26
27
28

- 4 -

1                         <u>PROOF OF SERVICE</u>

2

3   STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

4       I am employed in the County of Los Angeles, State of California.  I am over the age of 18 years and not a party to the
5 within action; my business address is 3550 Wilshire Boulevard, Suite 2000, Los Angeles, California 90010.

6
      On **December 10, 2007**, I served the foregoing document
7 described as **(PROPOSED) ORDER** on the interested parties by way of United States first class mail by placing

8

9       [ ]   the original       [X]  a true copy thereof

10   enclosed in a sealed envelope addressed as follows:

11   David P. Markman, Esq.
    Greenberg Traurig, LLP
12   2450 Colorado Avenue, #400E
    Santa Monica, CA 90404
13

14   [X]   (By Mail)  As follows:  I am "readily familiar" with the firm's practice of collection and processing
15         correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with
16         postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion
17         of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day
18         after date of deposit for mailing in affidavit.

19   [ ]   (By Fax)  I transmitted said document(s) at ____ p.m.
        to fax telephone number       executed on
20         at Los Angeles, California.

21       Executed on **December 10, 2007** at Los Angeles, California.

22   [X]   (Federal Court)  I declare that I am employed in the office of a member of the bar of this court at whose
23         direction the service was made.

24

25                 _____
                       CHERYL WINBORNE
26

27

28